UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Elizabeth Bazinski,

      Plaintiff,

v.

JPMorgan Chase Bank, N.A.,

      Defendant.
_____/

Case No. 13-14337

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT [7& 13]**

      Currently before the Court is Defendant JP Morgan Chase Bank's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Elizabeth Bazinski, opposes the motion only as to Counts IV & V. Additionally, Plaintiff has filed a motion for leave to amend her complaint. For the reasons set forth below, The Court GRANTS Defendant's motion, DENIES Plaintiff's motion, and DISMISSES the complaint, and all claims found therein.

**I.    FACTS**

      As this is a motion to dismiss, the Court must accept the facts as set forth by Plaintiff.

      Plaintiff alleges that she purchased the property commonly known as 990 Collins Court, Oakland Township, Michigan with her husband on October 10, 1996. Plaintiff states that she owned the property as tenants-by-the-entireties with her husband. Plaintiff further alleges that on December 30, 2003 her husband, without her knowledge or consent,

borrowed $1,050,000.00 and granted a mortgage in the 990 Collins Court property to secure the loan. Plaintiff contends that her signature was forged on the mortgage paperwork in 2003.

Plaintiff's husband entered into a mortgage modification agreement with Defendant[1] on January 20, 2012. On October 15, 2012 Defendant commenced foreclosure by sheriff's sale proceedings. On January 8, 2013 Defendant foreclosed on the property in question. On or about July 8, 2013 Plaintiff's husband filed for Chapter 7 bankruptcy protection.

Plaintiff alleges that her name does not "legitimately" appear on any of the documentation regarding the mortgage and that Defendant never "acknowledged" her as the borrower. Plaintiff's name, however, is on the sheriff's deed.

Plaintiff brought the instant lawsuit in state court on September 6, 2013 and Defendant timely removed the matter to this Court and moved for dismissal.

In her response to Defendant's motion Plaintiff further alleges that the mortgage and subsequent assignments were recorded with errors in the legal description of the property.[2]

---

[1] Defendant JP Morgan Chase's status as the eventual and final mortgage holder in the case is not contested by the parties.

[2] On April 8, 2014 Plaintiff filed an affidavit with the Court containing allegations of fact previously referred to in the parties' motion papers and at the hearing, and a printout of a real property survey of the property in question. As this is a motion to dismiss, not a motion for summary judgment, the Court will not consider evidence outside the pleadings. In the event that the Court were to consider the submission, as noted above it simply contains statements already made to the Court by the parties both at the motion hearing and in the motion papers, and would not lead to a different result on these motions.

## II. ANALYSIS

### A. The Standard on Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

The Sixth Circuit recently noted that under the United States Supreme Court's heightened pleading standard laid out in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "a complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank, Nat'l Assoc.,* 714 F.3d 920, 924-25 (6th Cir. 2013) (internal quotations and citations omitted). The court in *Estate of Barney* goes on to state that under *Iqbal*, "[a] claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotations and citations omitted). Furthermore, "[w]hile the plausibility standard is not akin to a 'probability requirement,' the plausibility standard does ask for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. 679 (quoting Fed. R. Civ. P. 8(a)(2)). If the plaintiffs do "not nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. Finally, the Court must always keep in mind that "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

**B. Counts I, II, III, & VI are Dismissed as Abandoned**

The Court notes that although Defendant's motion to dismiss directly attacks each of Plaintiff's six counts individually, Plaintiff's response to the motion to dismiss can only be construed to address two counts. Claims left to stand undefended against a motion to dismiss are deemed abandoned. *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010) (stating that where a plaintiff fails to respond to a motion to dismiss a claim, "the Court assumes he concedes this point and abandons the claim"); *Thielen v. GMAC Mortgage Corp.*, 671 F. Supp. 2d 947, 957 (E.D. Mich. 2009) (same); *See also, Hopkins v. Saint Lucie Cnty. School Bd.*, 399 Fed.Appx. 563, 565 n. 1 (11th Cir.2010) ("[The plaintiff's] argument that he should have been granted leave to amend his complaint was abandoned when he failed to raise it in opposing the defendants' motion to dismiss or in responding to the magistrate judge's recommendation of dismissal."); *Lipton v. County of Orange, New York*, 315 F.Supp.2d 434, 446 (S.D.N.Y.2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.").

Here, Defendant argues that all of Plaintiff's claims should be dismissed because the redemption period has lapsed and none of the claims address the foreclosure process itself, as required by Michigan law for a post-redemption period claim.[3] Defendant then

---

[3] The Court notes that in Michigan, the mere filing of a lawsuit does not toll the redemption period, and as such, the Court deems the redemption period in this case expired, as this suit was brought on the last day of the redemption period. *Overton v. Mortgage Elec. Registration Sys.*, 2009 WL 1507342 (Mich. App. May 28, 2009)(finding that filing suit was insufficient to toll the redemption period and quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. App. 1969) for the proposition that "[t]he law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting

proceeds to offer individual arguments as to why the claims in each Count should be dismissed.

Defendant argues that "Count I - Deceptive Mortgage Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing" should be dismissed because the statute of limitations has run, and because "Michigan does not recognize a claim for beach of an implied covenant of good faith and fair dealing." *Belle Isle Grill Corp. v. City of Detroit*, 666 N.W.2d 271, 279 (Mich. App. 2003).

Defendant argues for the dismissal of "Count II - Wrongful Foreclosure" on the grounds that Mich. Comp. Law §§ 600.3205a and 600.3205c(8), on which Plaintiff relies, do not give a borrower cause to challenge a completed foreclosure sale.

"Count III - Accounting" should be dismissed, according to Defendant, because an accounting is an extraordinary measure that "may not be had where the action is for a specific sum due under a contract," such as in the case of a mortgage. *Barkho v. Homecomings Fin., LLC*, 657 F. Supp. 2d 857, 865 (E.D. Mich. 2009).

Finally, Defendant states that "Count VI[4] - Fraud (Silent or in the inducement)" should be dismissed because the statute of limitation has run here as well, and because

---

of notice in the absence of a clear showing of fraud, or irregularity"); *Galliard v. USAA Fed. Sav. Bank*, No. 12–11459, 2012 U.S. Dist. LEXIS 163211, *29 (E.D.Mich. Nov. 15, 2012) ("[T]he filing of a suit does not in and of itself toll the statutory redemption period[.]"

[4] An apparent typographical error has led to "Count VI" being labeled as "Count IV" in the complaint. For the purposes of this motion, the Court considers the Complaint's second "Count IV" to be "Count VI."

the claim does not comport with the pleading requirements for a fraud claim, instead asserting conclusory allegations.

The Court finds Defendant's arguments for dismissal on the above claims to be reasonable, and moreover, notes that Plaintiff has failed to address them in her response to Defendant's motion to dismiss. As noted above, such a failure by Plaintiff amounts to abandonment of the claims discussed above. Therefore, the Court hereby DISMISSES as abandoned any and all claims found in Counts I, II, III, & VI.

### C. Count IV - Forgery - Declaratory Judgment

In responding to Defendant's argument that Count IV should be dismissed Plaintiff argues that the foreclosure did not comport with the statutory requirements for a sheriff's sale because, due to her forged signature, Defendant never had an enforceable mortgage.

Plaintiff's position vacillates between insisting that the forgery renders the foreclosure void *ab initio* and acknowledging that post-redemption, foreclosures are merely voidable. The law in Michigan does not support the notion that defects or irregularities in a foreclosure proceeding result in a foreclosure that is void *ab initio.* Rather, such defects result in merely voidable foreclosures, and this rule applies to all foreclosure defects. *Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 928 (6th Cir. 2013). As discussed below, in order to challenge a completed sheriff's sale after the redemption period has expired, a plaintiff must demonstrate misconduct or irregularity with the foreclosure process itself, and show that she has been or will suffer prejudice as a result of the alleged misconduct or irregularity.[5]

---

[5] Plaintiff raises an argument against Defendant's position that the statute of limitations has run on a fraud/forgery claim. Assuming for the purposes of this motion that the statute

Plaintiff's relies on her allegations that "the prerequisites of Mich. Comp. Law § 600.3404(3)" were not met. As noted, the law in Michigan is clear that a "subsection (3) defect render[s] a foreclosure merely voidable" as opposed to void *ab initio. Kim v JP Morgan Chase Bank, N.A.*, 825 N.W.2d 329, 336-37 (Mich. 2012). The Sixth Circuit case of *Conlin v. Mortgage Electronic Registration Systems, Inc.*, 714 F.3d 355 (6th Cir. 2013) is informative on this point. In light of the fact that the redemption period has run, in order to void the foreclosure, Plaintiff must allege misconduct "relat[ing] to the foreclosure proceeding itself." *Conlin*, 714 F.3d 360. Alleging impropriety at the origination of the mortgage over a decade ago, is not the same thing as alleging misconduct relating to the foreclosure proceeding itself.

In *Conlin*, the plaintiff attempted a post-redemption period challenge to a foreclosure by sheriff's sale based on an allegedly fraudulent assignment of the mortgage that occurred prior to the foreclosure proceedings. *Id.* In affirming the district court's dismissal of Conlin's claims, the Sixth Circuit stated that a party seeking to challenge a sheriff's sale on the basis of fraud after the redemption period has expired must not only allege fraud in the foreclosure process itself, but also must allege that it has been prejudiced by that fraud, such as by way of exposure to double liability. *Id.* at 361-362. This line of reasoning is founded on the premise that after the statutory redemption period has expired, the

---

of limitations has not run, Plaintiff's claim is still barred, as discussed below, because it does not address the foreclosure itself, rather it attacks the original establishment of the mortgage. That is, there are circumstances where despite having time left on a statute of limitations a claim is still not viable, the doctrine of mootness being one example. Here, the law is clear that once a foreclosure sale has been completed and the redemption period has run, any challenge aimed at undoing that sale must be directed at the foreclosure proceeding itself, which Plaintiff's claim is not, regardless of any applicable statute of limitations.

7

"mortgagor's right, title, and interest in and to the property are extinguished." *Id.* at 359 (internal citation and quotation marks omitted). The hard redemption period rule reflects a policy decision by Michigan's legislature to ensure security and finality to purchasers of foreclosed properties. *Id.*

While the instant matter's facts differ slightly from those of *Conlin'*s, as Plaintiff claims that the mortgage was never valid in the first place due to her allegedly forged signature, the reasoning in *Conlin* remains applicable. At their core, both cases allege that the foreclosing party had no right in the property to foreclose on. Here, Plaintiff claims that her husband unilaterally granted a mortgage in their property using a forged signature in exchange for a $1,050,000.00 loan. There is nothing in the complaint to suggest that Plaintiff's husband somehow hid the borrowed money, and it is therefore not reasonable to suggest that Plaintiff was unaware of an extra million dollars injected into her household's coffers and her failure during the years since 2003 to inquire into its source cannot now be used to claim fraud. Moreover, as noted above no aspect of Plaintiff's forgery claim goes to the foreclosure proceeding itself; that is, Plaintiff does not claim that her signature was forged on any foreclosure documents, instead she claims that the foreclosure was invalid because it was based on Defendant's interest in the property, which in turn was faulty because it was based on the forged mortgage. At best such an argument is an indirect attack on the foreclosure proceeding.

Assuming, *arguendo* that an indirect attack on the foreclosure proceeding such as that mounted by Plaintiff is allowed under the case law, Plaintiff's forgery claim still fails because she has not alleged prejudice, such as potential exposure to double liability, sufficient to overturn the completed foreclosure. Indeed, Plaintiff's allegations all resonate

8

with the idea that she was not a party to the loan in the first place, which leads to the conclusion that she should have a reduced exposure to liability as opposed to an increased one.

Plaintiff's forgery claim, therefore, fails as a matter of law because it does not speak to a defect in the foreclosure proceeding itself nor does it allege prejudice sufficient to undo a completed sheriff's sale, especially given that the redemption period has expired.

**D. Count V - Quiet Title**

Setting aside for the moment the fact that Plaintiff's post-redemption period quiet title claim does not attack the foreclosure proceeding, Plaintiff's arguments regarding the legal description of the property are unavailing.

As Defendant correctly notes, Michigan does not require that a property's legal description be included in a mortgage or any other grant of interest in real property, instead allowing the parties to a mortgage to proceed with their transaction so long as the property is sufficiently described so that the secured property is accurately ascertainable. Mich. Comp. Law. § 565.154 (requiring the parties to "describe the premises); *see also*, *Slater v. Breese*, 36 Mich. 77, 81 (Mich. 1877) (noting that "[i]t is also well settled that if there are descriptive signs satisfactorily ascertained which designate the thing meant to be granted, the addition of circumstances or accompaniments which are untrue will not defeat the grant.").

Here, the property is designated by its common address, 990 Collins Court, Oakland Township, Michigan, which the Court deems sufficiently specific to allow the accurate ascertainment of the mortgaged property.

9

Returning to the thrust of the quiet title claim, however, the Court is drawn back to the rule that a post-redemption period lawsuit must attack the foreclosure proceeding itself and demonstrate prejudice to the Plaintiff. *Conlin*, 714 F.3d at 360-62. Insofar as Plaintiff's argument regarding the legal description of the property was designed as an attack on the foreclosure proceeding, it fails, for as noted above, so long as the property is sufficiently described, any defects with the legal description are, as a matter of law, irrelevant and therefore do not compromise the integrity of the sheriff's sale.

More problematic for Plaintiff's quiet title claim under Mich. Comp. Law. § 600.2932 is that such an action is not available to challenge a sheriff's sale. Rather, after a foreclosure the statutory redemption framework controls. *Awad v. Gen. Motors Acceptance Corp.*, 2012 WL 1415166 (Mich. Ct. App. Apr. 24, 2012) appeal denied, 823 N.W.2d 276 (Mich. 2012). It is uncontested that the foreclosure sale is complete and the redemption period has expired, and any right or title in the property Plaintiff may have had has been extinguished. The quite title statute,, is therefore unavailable to Plaintiff, and her quiet title claim fails as a matter of law.

### E. Plaintiff's Motion for Leave to Amend is Clearly Dilatory in Nature and Moreover is Futile

Federal Rule of Civil Procedure 15(a) provides that, after the initial window for amending pleadings as a matter of course has closed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (West 2013). In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court weighed in on Rule 15's broad grant

of discretion, laying out a set of factors a court should consider when deciding whether or not to grant leave to amend. Specifically, the *Foman* Court stated:

> [i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

*Id.* at 182.

Here, Plaintiff filed a motion for leave to amend her complaint to include a more detailed set of allegations regarding her "legal description" theory. This motion was filed nine days before the date set for the hearing on Defendant's motion to dismiss. The motion to dismiss hearing had been set for almost two months when Plaintiff filed her motion. Furthermore, Defendant claims that Plaintiff requested time to file an amended complaint in October 2013, which Plaintiff never filed. The circumstances surrounding the filing of this motion, and the fact that Plaintiff continues to live in the house, now more than one year after the foreclosure was completed, without paying anything to Defendant as consideration, leads the Court to believe that the filing of this motion is merely a tactic designed to allow Plaintiff to remain in the house even longer.

Regardless of the Court's opinion as to the motive for the motion, the proposed amendment would be futile. That is, the amendment is directed at bolstering Plaintiff's argument that the foreclosure is invalid because of a faulty legal description in the mortgage document. This argument fails as a matter of law.

Plaintiff argues that the faulty legal description prevents the mortgage from being properly recorded, and that somehow invalidates the mortgage. A mortgage, however, need not be recorded to be valid and forecloseable against the original issuer of the mortgage. The recording statutes are designed to protect subsequent purchasers from the legal disputes that may arise when there are secret interests in the real property that they just purchased. As noted above, Michigan's laws on the conveyance of real property set forth the form required to create a valid and enforceable mortgage. Specifically, Mich. Comp. Law. § 565.154 states "[a] mortgage of lands that is worded in substance as follows: "A.B. mortgages and warrants to C.D., (here describe the premises) to secure the re-payment of" (here describe the indebtedness or obligations the mortgage secures) and is signed by the grantor, *is a valid and enforceable mortgage* to the grantee." (emphasis added).

Plaintiff points to statutory provisions detailing the requirements that must be met in order to record a mortgage, but those provisions are just that; they are recording requirements that must be adhered to in the event that the holder of a valid mortgage chooses to record. Plaintiff points to nothing in the law that suggests that a mortgage must be recorded in order to be valid against the original mortgagor.

Finally, as the redemption period has run, and Plaintiff's legal description theory does not address a defect in the foreclosure process itself, as noted in the preceding sections, such a claim is now barred.

Plaintiff's legal description theory, therefore, fails as a matter of law, thereby rendering the proposed amendment futile.

### III. CONCLUSION

In conclusion, the Court notes that the claims not abandoned by Plaintiff primarily fail as a matter of law because, as noted above, they do not attack the foreclosure proceeding itself, and, in the case of the forgery claim, where an argument can be made that the claim tangentially attacks the foreclosure proceeding, Plaintiff does not allege any type of prejudice that would support undoing a completed foreclosure sale after the redemption period has expired. Additionally, Plaintiff's motion for leave to amend her complaint is both dilatory and futile, and therefore must fail.

For the forgoing reasons, the Court GRANTS Defendant's motion, DENIES Plaintiff's motion, and DISMISSES Plaintiff's complaint and all claims found therein with prejudice.

SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 11, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2014, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager